1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| WARIS RAHIMI and MIRWAIS HAKIM, individually, and on behalf of themselves and all other similarly situated employees, | Case No.: 3:18-cv-00278-CAB-KSC |
| Plaintiffs, | |
| v. | **ORDER ON MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 [Doc. No. 8]** |
| MID ATLANTIC PROFESSIONALS, INC., | |
| Defendant. | |

        Defendant Mid Atlantic Professionals, Inc. ("MAPI") has moved to transfer venue to the United States District Court for the Southern District of Maryland under 28 U.S.C. Section 1404(a).  [Doc. No. 8.] [1]  The motion has been fully briefed and the Court finds it suitable for determination on the papers and without oral argument.  *See* S.D. Cal. CivLR 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

/ / /

/ / /

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

## I.      BACKGROUND

On February 6, 2018, Plaintiffs filed the instant action against Defendant alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  [Doc. No. 1 ¶ 2.]  Plaintiffs allege that MAPI engaged in willful violations of the FLSA by denying Plaintiffs and other similarly situated employees compensation for all hours worked, including overtime wages.  [*Id.* ¶ 3.]

MAPI is a Maryland corporation with its principle place of business in Germantown, Maryland.  [Doc. No. 8 at 4.]  MAPI contracts with the United States government to place professionals in various roles across the country to assist the United States Army for training purposes.  [*Id.* at 4.]  Specifically, MAPI hires and provides "role players" to the United States Army to conduct training exercises at various military bases in order to prepare military personnel for deployment.  [*Id.*; Doc. No. 1 ¶ 18.]  Plaintiffs were hired by MAPI as "role players" to conduct such training exercises intermittently between 2011 and 2018.  [Doc. No. 8 at 4; Doc. No. 1 ¶ 19.]  Plaintiffs claim that during their time of employment, and at least from 2015 to the present, MAPI failed to pay them overtime wages in violation of the FLSA.  [Doc. No. 1 ¶¶ 41–51.]

On May 22, 2018, MAPI filed a motion to transfer venue under 28 U.S.C. § 1404(a). [Doc. No. 8.]  MAPI argues that Plaintiffs' Employee Service Agreements ("Agreement") require that this suit be heard in a state or federal court in the state of Maryland.  [*Id.* at 3.] Further, MAPI contends that Plaintiffs consented to exercise of a Maryland court's personal jurisdiction over them.  [*Id.*]  MAPI now moves to transfer the present case to the United States District Court for the Southern District of Maryland.  [*Id.* at 12.]  Plaintiffs

filed their opposition to the motion on June 12, 2018 [Doc. No. 10], and MAPI filed their reply on June 19, 2018.[2]  [Doc. No. 11.]

## II.    LEGAL STANDARD

A party may bring a motion for transfer pursuant to 28 U.S.C. § 1404 "at any time during the pendency of a case."  *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991) (citing 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3844 at 334–35 (1986)).  *See also E.E.O.C. v. Lockheed Martin*, 2007 WL 4468658, at *3 (D. Haw. Dec. 19, 2007) ("[u]nder 28 U.S.C. § 1404(a), a party may bring a motion for transfer at any time.").  A motion for transfer lies within the broad discretion of the district court and must be determined on a case-by-case basis.  *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000).

A district court has discretion to transfer an action to another venue "for the convenience of the parties and witnesses and in the interest of justice." 28 U.S.C. § 1404(a).  However, an action may also be transferred under § 1404(a) where the parties have previously entered into an agreement that includes a valid forum-selection clause.  *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).  Section 1404(a) permits transfer to any district where venue is also proper, or to any other district to which the parties have agreed by contract or stipulation.  *Id.* Therefore, where the parties have previously agreed by contract for a specific federal district to hear their disputes, § 1404(a) facilitates enforcement of the forum-selection clause by transfer to the agreed-upon venue.  *Id.*

---

[2] Defendant also filed Evidentiary Objections to Plaintiffs' Declarations Offered in Support of Opposition to Defendant's Motion to Transfer Venue.  [Doc. No. 11-1.]  Defendant makes a number of general objections, then makes specific objections that Plaintiffs Hakim and Rahimi lack personal knowledge and foundation to attest to certain information.  [*Id.*]  Few, if any, of these objections are useful to the Court's analysis of the pending motion.  Nonetheless, the Court has reviewed the declarations and finds foundations were laid and that Plaintiffs have sufficient personal knowledge to attest to the information set forth in their declarations.  Therefore, Defendant's objections are overruled.

The Supreme Court has held that a valid forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). Consequently, when evaluating a § 1404(a) motion based on a forum-selection clause, a court should transfer the case to the forum specified in the clause, unless extraordinary circumstances exist which are unrelated to the convenience of the parties. *See id.* at 62; *see also Huddleston v. John Christner Trucking, LLC*, No. 1:17-cv-00925-LJO-SAB, 2017 WL 4310348, at *3 (E.D. Cal. Sept. 27, 2017) ("The Court applies federal law to the interpretation and enforcement of a forum-selection clause.").

Typically, when venue is proper in both the original and the proposed districts, a motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate. However, when a district court is evaluating a defendant's § 1404(a) motion to transfer based on a valid forum-selection clause, the analysis changes in three ways. First, the court should give no weight to the plaintiff's choice of forum. *Id.* at 63. Rather, as the party arguing against the forum-selection clause, the plaintiff bears the burden of showing why transfer to the bargained forum is unwarranted. *Id.* Second, the district court "should not consider argument about the parties' private interests," such as ease of access to sources of proof, the cost of obtaining attendance of willing witnesses, et cetera. *Id.* at 62, n.5; 64. The court need only consider arguments about public-interest factors[3], though even these factors will "rarely defeat a transfer motion" when the parties have agreed to a forum-selection clause. *Id.* at 64. Third, though transfers under § 1404(a) usually carry with them the original venue's choice-of-law rules, the "transferee court" specified in a forum-selection clause need not apply the law of the original venue in which the plaintiff filed suit upon transfer. *Id.*

─────────────

[3] Public-interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981).

4

### III.   DISCUSSION

Plaintiffs brought suit in the Southern District of California claiming one single cause of action for MAPI's alleged violations of the FLSA.  [Doc. No. 1 ¶ 2.]  MAPI moves to transfer the action to the United States District Court in the Southern District of Maryland, based on the parties' contract containing a forum-selection clause, pursuant to 28 U.S.C. § 1404(a).

### A.  Forum-Selection Clause and Transfer Under Section 1404(a)

Under section 1404(a), a district court may transfer any civil action "to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Thus where the parties have consented to a specific federal district by way of a valid forum-selection clause, the district court should ordinarily transfer the case to the specified forum, absent extraordinary circumstances.  *See Atl. Marine*, 571 U.S. at 52.

Here, Plaintiffs were required to follow MAPI's typical business practice of entering into an Employee Service Agreement ("Agreement") with the company prior to going on missions.  [Doc. No. 8-1 at 3.]  The Agreements Plaintiffs entered into included a "Governing Law" provision, or forum-selection clause. [Doc. No. 8 at 9.]  Plaintiff Hakim signed an Agreement on November 10, 2015, and again on March 23, 2017; Plaintiff Rahimi signed an Agreement on January 7, 2014, and again on November 9, 2015.  [Doc. No. 8-2; Doc. No. 10-2 at 2.]  All Agreements were signed prior to the Plaintiffs beginning work for MAPI, and all contained an identical Maryland forum-selection clause, as stated below:

> "17. GOVERNING LAW.  The interpretation and enforcement of this Agreement shall be governed by the laws of the State of Maryland, provided, however, that the substantive employment laws of the U.S. State where Employee is to perform services pursuant to this Agreement shall control the employment relationship between the Parties, or, where Employee performs services outside of the United States, then applicable federal law of the United States shall control the employment relationship between the Parties.  **Any litigation in connection with this Agreement shall be brought, consistent with applicable law,**

**in the state or federal courts of the State of Maryland and both Parties hereby consent to such courts' exercise of personal jurisdiction over them**."
[Doc. No. 8-2 at 8, 17, 26.] (Emphasis added.)

### 1. Applicability of the Forum-Selection Clause to Plaintiffs' Complaint

Plaintiffs first argue that the language of the forum-selection clause at issue does not encompass Plaintiffs' statutory FLSA claims for unpaid overtime wages, "but rather only the rights and duties of the parties under the Employment Agreements." [Doc. No. 10 at 7.] As Plaintiffs' complaint does not seek to litigate claims arising from the Agreement, but seeks to recover unpaid wages under the FLSA, Plaintiffs argue that the forum-selection clause should not apply to the FLSA claim at issue. [*Id.*]

"The scope of the claims governed by a forum-selection clause depends [upon] the language used in the clause." *Ronlake v. US-Reports, Inc.*, No. 1:11-CV-02009 LJO MJS, 2012 WL 393614, at \*3–4 (E.D. Cal. Feb. 6, 2012). Where the clause uses phrases such as "arising under," "arising out of," or similar language, the clause should be construed narrowly to cover only disputes "relating to the interpretation and performance of the contract itself." *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011). However, where the clause uses broader phrases such as "relating to" and "in connection with," the clause should be construed more broadly. *Robles v. Comtrak Logistics, Inc.*, No. 2:13-CV-00161-JAM-AC, 2015 WL 1530510, at \*3 (E.D. Cal. Apr. 3, 2015). The forum-selection clause at issue here states that "[a]ny litigation *in connection with* this Agreement shall be brought, consistent with applicable law, in the state or federal courts of the State of Maryland." [Doc. No. 8-2 at 8, 17, 26] (Emphasis added). This language has broad reach and should be construed accordingly. *See Huddleston*, 2017 WL 4310348 at \*7.

Further, even if a plaintiff's complaint does not contain an affirmative request to enforce an employment agreement, forum-selection clauses are "not meant to be construed so narrowly that they only apply to actions directly seeking performance of enumerated terms of a contract." *Zako v. Hamilton Co.*, No. 5:15-cv-03162-EJD, 2016 WL 344883, at \*4 (N.D. Cal. Jan. 28, 2016); *see also Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 776

(N.D. Cal. 2015) (holding that "a restrictive and mechanical interpretation of [a forum-selection clause] is inconsistent with the strong judicial preference to enforce a contractual venue").  Unless the language of the contract states otherwise, a forum-selection clause will apply to claims that arise from, implicate or relate to the contract containing the clause. *Zako*, 2016 WL 344883 at *3.  Plaintiffs' claims under the FLSA alleging unpaid overtime wages concern the employment relationship between the parties (including compensation, travel, et cetera), which was created by their signed Agreements.  In fact, as Plaintiffs state in their respective Declarations, they were not able to begin any work for MAPI until they signed the Agreements.  [Doc. Nos. 10-2, 10-3.]  Plaintiffs' FLSA claim arising from their employment with MAPI implicates the interpretation of their signed Agreements establishing that employment, and thus falls within the scope of the Agreements' forum-selection clause.

## 2.  Validity of the Forum-Selection Clause at Issue

The Supreme Court has held that forum-selection clauses are presumptively valid, and should only be set aside if the party challenging the agreed-upon forum can overcome the "heavy burden" of clearly showing that "enforcement would be unreasonable and unjust." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 17 (1972).  A forum-selection clause may be deemed "unreasonable" if: "(1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) enforcement would contravene a strong public policy of the forum in which suit is brought." *Huddleston*, 2017 WL 4310348 at *3 (citing *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007)).

Here, Plaintiffs argue that the Court should find the forum-selection clause to be unreasonable and thus unenforceable because it was the product of economic coercion and overreaching, its enforcement would deprive Plaintiffs of their day in court, and it contravenes strong public policy favoring the protection of workers.  [Doc. No. 10 at 10–16.]  The Court addresses each of these arguments in turn.

7

### a. Fraud or Overreaching

Plaintiffs argue that incorporation of the forum-selection clause in the Agreements at issue was "part of Defendant's scheme to deprive Plaintiffs of their employment rights under the FLSA and shield Defendant from liability by requiring Plaintiffs to litigate in an unreasonably remote forum where no work was performed." [Doc. No. 10 at 12.] Plaintiffs allege that because the Agreement was "imposed on Plaintiffs on a take-it-or-leave-it basis" as a condition to beginning employment with MAPI, Plaintiffs only agreed to the forum-selection clause as a result of economic coercion, overreaching, and unequal bargaining power. [*Id.* at 13–14.] Specifically, Plaintiffs contend that MAPI is a sophisticated corporation that purposefully selected a distant venue to shield itself from liability, whereas Plaintiffs are both Afghani immigrants with limited English abilities and no U.S. education, who did not understand the terms of the Agreement at the time of signing. [*Id.*] Further, due to Plaintiffs' financial hardship and "desperate need for employment," they had no other option but to accept the terms of the Agreement as is. [*Id.* at 14.]

While Plaintiffs' assertions regarding unequal bargaining power between the parties may be true, "the Ninth Circuit has rejected[4] the argument that unequal bargaining power is a ground to reject enforcement of a forum-selection clause in an employment contract." *Huddleston*, 2017 WL 4310348 at *8 (quoting *Marcotte v. Micros Sys., Inc.*, No. C 14-01372 LB, 2014 WL 4477349, at *7 (N.D. Cal. Sept. 11, 2014)). The Ninth Circuit has further specified that in the employment context, "if an employee must sign a non-negotiable employment agreement as a condition of employment but there is no other indication of oppression or surprise," the agreement will be enforceable unless it is substantively unconscionable. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017) (internal quotation marks omitted). Thus, a forum-selection clause will not be

---

[4] In *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2003), the Ninth Circuit held that a "differential in power or education on a non-negotiated contract will not vitiate a forum-selection clause."

found unreasonable or unenforceable "merely because of the parties' unequal bargaining power: it is enforceable if there is reasonable communication of the clause." *Marcotte*, 2014 WL 4477349 at *7.

In the case at bar, the evidence reflects that the forum-selection clause was reasonably communicated to Plaintiffs. The clause unambiguously and unmistakably mandates a specific forum for any litigation in connection with the Agreement. Plaintiffs were parties to the Agreement, presumably reviewed the document in its entirety, and initialed every page to signal their consent on two separate occasions (including the page containing the provision at issue)[5]. [Doc. No. 8-2.] The forum-selection clause is not hidden or in fine-print, but is located in a clearly labeled separate paragraph entitled "Governing Law." Even if there was disparity in bargaining power, Plaintiffs had reasonable opportunity to be informed of the clause, and thus cannot show that its enforcement would be unreasonable based on fraud or overreaching. Nor is there anything in the record to indicate that Plaintiffs were prevented from reading the Agreement, misled about the effect of the forum-selection clause, or that the clause was fraudulently inserted into the Agreement without their knowledge. *See Huddleston*, 2017 WL 4310348 at *8. As a consequence, the Court is not persuaded by Plaintiffs' arguments to the contrary.

### b. Deprive Plaintiffs of Day in Court

Plaintiffs next argue that transferring this case to Maryland would deprive them of their day in court, as they lack the financial means to litigate this case in Maryland, they cannot take time off from work to travel to Maryland, and transfer would deprive them of their chosen counsel. [Doc. No. 10 at 12.]

The Court acknowledges and is sensitive to the potential financial strain involved in litigating this case in Maryland. However, in light of the Supreme Court's decision in

---

[5] The Court further notes that by signing and initialing the Agreement, Plaintiffs manifested their assent to the contract and are thus deemed to have assented to all of its terms regardless of whether or not they actually read it. *See Chico v. Hilton Worldwide, Inc.*, No. CV 14–5750–JFW (SSx), 2014 WL 5088240, at *6 (C.D. Cal. Oct. 7, 2014).

*Atlantic Marine*, Plaintiffs' arguments are not persuasive. In that case, the Supreme Court held that district courts may not consider the parties' "private interests" in deciding a motion to transfer venue based on a valid forum-selection clause. *See Atl. Marine*, 571 U.S. at 62; *see also Monastiero v. appMobi, Inc.*, No. C. 13-05711 SI, 2014 WL 1991564, at *5 (N.D. Cal. May 15, 2015) (holding that the parties' financial ability to bear the costs and inconvenience of litigating in the selected forum are "factors that the Supreme Court in *Atlantic Marine* deemed 'private interests' that the Court may not consider"). Even if the Court were to consider such information, there is no evidence in the record to show that the cost of litigating in Maryland would be so prohibitively high as to force Plaintiffs to withdraw their claims. The only information Plaintiffs have provided to the Court in support of their financial inability to pursue this lawsuit in Maryland is the statements contained in their own declarations. Plaintiffs have not shown that litigating this case in Maryland would require them to travel to Maryland with much frequency, and provided no explanation for why litigating in Maryland would require substantially more time away from work than litigating in California. Further, Plaintiffs did not provide any precedent case law requiring the Court to consider the possibility of "depriv[ing] Plaintiffs of their chosen counsel" in its analysis.[6] [Doc. No. 10 at 12.]

Moreover, the Ninth Circuit case cited by Plaintiffs on this topic is distinguishable from the matter at issue. In *Murphy*, the Ninth Circuit found that enforcing a forum-selection clause (specifying Wisconsin as the selected venue) would "preclude [the plaintiff's] day in court," as the "combination of Murphy's alleged financial troubles and physical limitations would bar him from litigating his claim in Wisconsin." *Murphy*, 362 F.3d at 1143. First, the court gave weight to Murphy's testimony that he would be

---

[6] The Court further notes that Plaintiffs' present counsel are located in San Francisco, CA and Phoenix, AZ. Whether this case proceeds in the Southern District of California or in the Southern District of Maryland, Plaintiffs' counsel will be required to travel by plane for court appearances. Thus the Court is not persuaded that transferring the case to Maryland will completely preclude Plaintiffs' present counsel from assisting Plaintiffs on their case, i.e. by teaming with local counsel in Maryland.

financially unable to litigate his case in Wisconsin. *Id.* at 1143. However, as discussed above, a district court's consideration of the plaintiff's financial situation has since been barred by the Supreme Court's holding in *Atlantic Marine*. Second, the Ninth Circuit stressed that Mr. Murphy's physical injury, which occurred while he was working for the defendant, prevented him from traveling to Wisconsin, as it "prevents him from sitting in a position of limited mobility for more than one hour." *Id.* at 1142. Mr. Murphy could not afford to fly to Wisconsin; his pain medication impaired his ability to drive; and his wife was also disabled and unable to drive him. *Id.* Here, Plaintiffs have provided no evidence of a similar physical inability to travel to the specified forum. Thus the Court is not persuaded that *Murphy* is applicable to this case and should be followed.

Accordingly, the record demonstrates that enforcing the forum-selection clause would not "for all practical purposes" deprive Plaintiffs of their day in court, and therefore would not be unreasonable. *M/S Bremen*, 407 U.S. at 18.

### c. Contravene Public Policy

Finally, Plaintiffs argue that enforcing the forum-selection clause in this case would contravene strong public policy in favor of enforcing the FLSA and protecting workers. [Doc. No. 10 at 14–15.] Plaintiffs contend that the clause is therefore unreasonable and unenforceable under the third exception, where "enforcement would contravene a strong public policy of the forum in which suit is brought." *M/S Bremen*, 407 U.S. at 15; *see also Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009).

The California Supreme Court has held "clearly and unequivocally that it is against the strong public policy of California to enforce a forum selection clause where the practical effect of enforcement will be to deprive a plaintiff or class of plaintiffs of their unwaivable statutory entitlement to the minimum wage and overtime payments." *Perry v. AT&T Mobility LLC*, No. C 11-01488 SI, 2011 WL 4080625, at *5 (N.D. Cal. Sept. 12, 2011). Therefore, if the forum-selection clause "applies to a non-waivable statutory claim [and] may, in fact, improperly compel the claimant to forfeit his or her statutory rights," then the clause is "contrary to the strong public policy of California and will not be

enforced." *Id.* The Court agrees with Plaintiffs that California's public policy supports protection of workers and a stable job market. However, the Court is not convinced that Plaintiffs would lose this protection and waive their FLSA statutory claims if the case were transferred to Maryland. Plaintiffs allege only one cause of action for violating the FLSA, which is a federal law claim. [Doc. No. 1 at 7.] It is indisputable that the district court in Maryland is an adequate forum for hearing Plaintiffs' FLSA claim, and is fully capable of applying federal law. Furthermore, transferring this case to Maryland would not compel Plaintiffs to forfeit their statutory rights under the FLSA, as the sole cause of action arises under federal law and transfer would not implicate any choice-of-law issues. Accordingly, the Court finds that transfer of this case to the district court in Maryland would not violate California's public policy in favor of protecting workers.

Plaintiffs had reasonable notice of the forum-selection clause, the opportunity to become meaningfully informed of it by reading the Agreement, and the opportunity to reject its terms prior to signing. *See Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 835 (9th Cir. 2002) (noting that the proper test of reasonable notice includes the signing party's ability to become meaningfully informed of the contractual terms at stake). There is no evidence before the Court of fraud or overreaching, potential deprivation of Plaintiffs' day in court, or potential contravention of California's public policy. Therefore, the Court finds that the Agreements signed by both Plaintiffs, including the forum-selection clause contained therein, are valid and enforceable.

### 3. Plaintiff's Burden of Establishing that Transfer is Unwarranted

In order to show that this case falls into the category of "most exceptional cases" in which a valid forum-selection clause is not to be enforced, Plaintiffs must present evidence of truly extraordinary circumstances, unrelated to the convenience of the parties, which preclude a transfer of venue. *See Atl. Marine*, 571 U.S. at 62.

As discussed above, the Court finds no evidence of extraordinary circumstances in this case which would preclude enforcement of the forum-selection clause. Both Plaintiffs voluntarily agreed to the Agreement, consented in writing to its terms, and initialed their

consent on every page of the agreement. [Doc. No. 8-2.] On all Agreements signed by Plaintiffs, the closest set of initials is located a short paragraph below the "Governing Law" provision, so it is reasonable to expect that Plaintiffs would have seen the clause. [*Id.* at 8, 17, 26.] Both Plaintiffs even consented to litigating all matters in Maryland on two separate occasions—Hakim when he signed the Agreement in November 2015 and again in March 2017, and Rahimi when he signed the Agreement in January 2014 and again in November 2015. [*Id.* at 8, 17, 26; Doc. No. 10-2 at 2.] Therefore, the Court finds nothing in the record to indicate that enforcing the Agreement and its forum-selection clause, clearly consented to by both Plaintiffs, would be unreasonable or unjust.

Not surprisingly, the parties take opposing positions regarding which is the most convenient venue to litigate this lawsuit in. Plaintiffs argue that they and many potential FLSA class members reside in California, signed employment agreements in California, and performed work for MAPI in this district, so it would be most convenient for them to litigate their dispute in this Court. [Doc. No. 10 at 6.] MAPI argues that because the company is located in Maryland and has no offices in California, it should not be forced to defend a case in California out of convenience. [Doc. No. 8 at 11; Doc. No. 11 at 11.] However, the district court need not consider arguments about either of the parties' private interests, including the convenience or inconvenience of a particular venue. *See Atl. Marine*, 571 U.S. at 62, 64. The parties have previously agreed to the forum-selection clause at issue, and presumably had sufficient opportunity to consider the inconvenience of the selected forum before agreeing to it. Thus, the parties have waived all rights to challenge the forum as inconvenient. *See M/S Bremen*, 407 U.S. at 17–18 ("Whatever 'inconvenience' Zapata would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting").

Further, applying public-interest factors to this analysis does not convince the Court that transfer based on the forum-selection clause is unwarranted. This matter is far from a localized controversy to be decided at home: Plaintiffs have performed work for MAPI at various military bases across the country, primarily in Washington and Texas, and it is

disputed whether Plaintiffs performed any work for MAPI in California within the relevant timeframe. [Doc. No. 1 ¶ 19; Doc. No. 8 at 5–6.] Though MAPI hires role players for missions across the country, it is a Maryland-based corporation with its headquarters, executives, and operations management all located in Germantown, Maryland. [Doc. No. 8-1 at 2.] Further, as discussed above, the district court in Maryland is no less capable of determining an issue of federal law (Plaintiffs' FLSA claim) than this Court. Because the public-interest factors in this case do not weigh in Plaintiff's favor, there is no basis for the Court to deny the motion to transfer to the specified forum.

The Court is not persuaded that Plaintiffs, as the party contesting the forum-selection clause, have shown extraordinary circumstances that "clearly disfavor a transfer." *Atl. Marine*, 571 U.S. at 52. Further, Plaintiffs have presented no evidence of fraud, deceit, or any other wrongdoing on MAPI's part which would make the forum-selection clause or the Agreement unenforceable. Therefore, Plaintiffs have not met their "heavy burden" of establishing that transfer of venue based on the forum-selection clause is unwarranted.

## IV.    CONCLUSION

For the reasons set forth above, the Court finds that the interests of justice warrant transfer to the United States District Court for the Southern District of Maryland, pursuant to 28 U.S.C. § 1404(a). Accordingly, the Court hereby ORDERS as follows:

1. Defendant's Motion to Transfer Venue [Doc. No. 8] is **GRANTED;**

2. This action is **TRANSFERRED** to the United States District Court for the Southern District of Maryland for further proceedings pursuant to 28 U.S.C. § 1404(a); and

3. This **CASE** is **CLOSED**.

It is **SO ORDERED.**

Dated: June 29, 2018

_____

Hon. Cathy Ann Bencivengo
United States District Judge

14